UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIVING WORD BIBLE CHURCH, INC.                CIVIL ACTION

VERSUS                                        NO: 07-7450

TRAVELERS INDEMNITY CO.                       SECTION: R(3)


**ORDER AND REASONS**

Before the Court is defendant's motion for summary judgment. For the following reasons, the Court DENIES defendant's motion.

I.  **BACKGROUND**

This case arises from damages sustained to a building owned by plaintiff, Living Word Bible Church, Inc. (Living Word), and insured by defendant, Travelers Indemnity Co. (Travelers). The insurance policy in issue was an "all-risk" policy. (R. Doc. 25). The "all-risk" policy covered any "risks of direct physical loss" to Living Word's building unless otherwise limited or excluded elsewhere in the policy. (R. Doc. 25).

On August 29, 2005, Hurricane Katrina struck the greater New Orleans area and Living Word's building sustained damage. (R. Doc. 25, Ex. C). Travelers's initial appraisal for the damages to Living Word's building was $13,217.43, the bulk of which was designated to cover exterior damage to the roof of the building caused by a fallen pine tree. After subtracting the $2,500 policy deductible, Travelers paid Living Word $10,792.85 for Hurricane Katrina damage to the covered building. After Travelers's initial appraisal and payment, additional problems began to arise. Ceiling panels fell, mold on equipment in the building's interior was discovered, cracks in the building's brick exterior were noticed, and further roof leakage emerged. Living Word did not submit a proof of loss for these claims under its policy. Living Word attempted to make the needed repairs itself, but did so with only marginal success. (R. Doc. 25, Ex. E).

On August 29, 2007, Living Word sued Travelers in state court seeking payment for the subsequent damage to the building's roof, the resulting damage to the interior from the roof leaks, as well as exterior cracking previously uncompensated by Travelers. (R. Doc. 59). Travelers removed the suit to federal court. (R. Doc. 1). Living Word claims that the alleged damages derive from Hurricane Katrina and are therefore covered

2

under the Travelers policy. (R. Doc. 1). Travelers now moves the Court for summary judgment under Federal Rule of Civil Procedure 56 and for costs, expenses, and interest under Rule 54(d)(1) and 28 U.S.C. 1920.

**II. LEGAL STANDARD**

Summary judgment is appropriate when there are no genuine issues as to any material facts and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at

325; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

The insurance policy in issue provides coverage for "physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss." (R. Doc. 25, Ex. A). The policy further defines Covered Cause of Loss as "RISKS OF DIRECT PHYSICAL LOSS Unless the loss is: (a) Limited in Paragraph A.5,. Limitations; or (b) Excluded in Paragraph B. Exclusions." *Id.* Paragraph A.5 removes from coverage any interior damage to Living Word's building "caused by rain . . . unless: (a) the building or structure first sustains damage by a covered cause of loss to its roof or walls through which the rain . . . enters." *Id.*

Travelers argues that Living Word cannot prove that Hurricane Katrina caused the damages for which it seeks recovery.

4

While Travelers concedes that Living Word's evidence may establish a "possibility of causation," it argues that Living Word cannot prove a causal connection between the damages and the covered cause of loss by a "reasonable preponderance of the evidence." (R. Doc. 25).

As a threshold matter, Travelers misstates Living Word's respective burden. The burden allocation to which Travelers refers is that for a "named peril" policy. Under a "named peril" policy "plaintiffs are required to prove by a preponderance of the evidence that their personal property was lost or damaged due to a specified covered risk named in the policy." *Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507 (E.D. La. 2007). The current policy in issue is not a "named peril" policy, however. It is an "all-risk" or "open peril" policy. (R. Doc. 25). *See Dow Chemical Co. V. Royal Indem. Co.*, 635 F.2d 379, 386 (5th Cir. 1981)("recovery under an all-risk policy will be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage."). Under an "all-risk" policy, an insured need only prove direct physical loss to covered property. It is the insurer who must prove that an asserted exclusion applies by a preponderance of the evidence to avoid covering the loss. *See Ferguson v. State Farm Ins. Co.*, 2007 WL 1378507 (E.D. La. 2007);

5

*Imperial Trading Co., Inc. v. Travelers Property Casualty Co. Of America,* No. 06-4262, 2009 WL 2163130 (E.D. La. 2009). *See also Pentair, Inc. v. American Guarantee and Liability Insurance Co.,* 400 F.3d 613, 615 (8th Cir. 2005)(finding that under Minnesota law an insured must still prove that a loss was caused by a covered peril under an all-risk policy before the burden shifts to the insurer); *Nat'l Union Fire Ins. Co. v. Carib* Aviation, 759 F.2d 873, 875 (11th Cir. 1985)("Once the insured establishes a loss *apparently within the terms* of an 'all risks' policy, the burden shifts to the insurer to proev that the lose arose *from a cause which is excepted.*")(emphasis added); Transamerica *Leasing, Inc. v. Institute of London Underwriters,* 267 F.3d 1303, 1311 (11th Cir. 2001)(requiring insured to prove that loss occurred within the policy period under an all-risk policy); *Fajardo Shopping Center, S.E. v. Sun Alliance Ins. Co. of Puerto Rico*, 167 F.3d 1, *7 (1st Cir. 1999)(finding that an insured must first prove a prima facie case for recovery under an all-risk policy, including "the existence of the all-risk policy and the loss of the covered property."); *In re Balfour MacLaine Intern. Ltd.*, 85 F.3d 68, 78 (2d Cir. 1996)(stating that under an all-risk policy the insured "need not prove the cause of loss.").

The parties do not dispute that some covered damage has occurred to the Covered Property during the respective policy

6

period.  As a result, the burden shifts to Travelers to prove the applicability of a policy exclusion.  Travelers, however, does not argue in its motion that a policy exclusion covers the claimed damage.  The Court therefore DENIES Travelers's motion.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment is DENIED.

New Orleans, Louisiana, this __1st__ day of September, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE